

**IT IS ORDERED as set forth below:**

**Date: April 9, 2020**

_Wendy L. Hagenau_

_____

**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

## ~~UNITED STATES BANKRUPTCY COURT~~
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **CASE NO. 19-54809** |
| | ) | |
| **BARBARA ALBYTINE GIBBS,** | ) | **CHAPTER 13** |
| | ) | |
| Debtor. | ) | **JUDGE WENDY L. HAGENAU** |
| | ) | |
| | ) | |
| **M. EUGENE GIBBS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ADV. PROC. NO. 19-5272** |
| | ) | |
| **BARBARA ALBYTINE GIBBS,** | ) | |
| **NATIONSTAR MORTGAGE LLC** | ) | |
| **d/b/a/ Mr. Cooper,** | ) | |
| **BANK OF AMERICA,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTIONS REGARDING NATIONSTAR AND BANK OF AMERICA, SETTING ASIDE ENTRY OF DEFAULT AS TO NATIONSTAR, DENYING MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST BANK OF AMERICA AND ABSTAINING AS TO ALL DEFENDANTS

This case relates to residential real property located at 4257 Monterey Drive, Florence,

South Carolina 29501 (the "Property"). The Property is owned by Plaintiff and his wife. Plaintiff's

1

wife, Barbara Albytine Gibbs, executed a note in favor of the original lender, Bank of America, N.A. in February 2005.  Plaintiff is not a signatory to the note.  The note was assigned thereafter to Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar"), though Plaintiff disputes the validity of the assignment.  Plaintiff, Bank of America, and Nationstar have been involved in ongoing litigation in South Carolina regarding the Property for several years.

Ms. Gibbs filed for Chapter 13 bankruptcy relief on March 27, 2019.  Plaintiff did not file bankruptcy, and he is not a debtor under the Code.  The Court held a hearing in the Debtor's bankruptcy case on October 16, 2019, at which Plaintiff stated he wished to proceed with pending litigation in South Carolina.  The Court construed Plaintiff's statements as a motion for relief from the automatic stay, and Debtor, counsel for Bank of America and Nationstar, and counsel for the Chapter 13 Trustee were all in favor of the relief requested.  Accordingly, the Court lifted the stay for the parties to proceed with litigation pending in the Florence County South Carolina Court of Common Pleas case no. 2018-CP-21-03238 Nationstar Mortgage LLC vs. Gibbs and any appeals therefrom [Bankr. Docket No. 47].

Plaintiff initiated this adversary proceeding by filing a complaint against his wife, Bank of America, and Nationstar on August 7, 2019.  Plaintiff filed an Amended Complaint on August 20, 2019 [Docket No. 6].

Bank of America did not answer the Complaint or Amended Complaint.  Plaintiff filed a Motion for Default Judgment and Partial Default Judgment on September 12, 2019 [Docket No. 13].  Plaintiff also filed a Request for Entry of Default against Bank of America on September 12, 2019 [Docket No. 14].  The Clerk entered a default the next day, on September 13, 2019.  Plaintiff subsequently filed a Supplemented Motion for Default Judgment and Partial Default Judgment [Docket No. 18], a "Praecipe and/or Line Regarding Bank of America" [Docket No. 21], another

2

Request for Entry of Partial Default Judgment as to Bank of America [Docket No. 23], and Affidavits in Support of Motion for Default Judgment as to Bank of America [Docket Nos. 25 and 26]. The Court considered all of the foregoing and found service of the Complaint was insufficient on Bank of America. Accordingly, the Court vacated the default entered against Bank of America and denied Docket Nos. 13, 14, 18, 21, and 23 [Docket No. 31]. The Court also ordered Plaintiff to obtain a new summons and serve Bank of America by November 1, 2019 or risk dismissal. [Docket No. 48].

Nationstar also did not respond to the complaint or amended complaint, and Plaintiff filed several documents in which he asked the Clerk to enter default judgment against Nationstar pursuant to Fed. R. Civ. P. 55(b)(1), made applicable to this proceeding by Fed. R. Bankr. P. 7055. Plaintiff first filed a Motion for Default Judgment and Partial Judgment against Nationstar [Docket No. 15]. Plaintiff then filed a request for entry of default as to Nationstar [Docket No. 16]. Pursuant to Fed. R. Bankr. P. 7055, the Clerk entered default against Nationstar on September 13, 2019. Thereafter, Plaintiff filed a Supplemented Motion for Default Judgment and Partial Default Judgment against Nationstar on September 16, 2019 [Docket No. 19]. The same day, he also filed a Praecipe and/or Line [Docket No. 20], in which he requested the Clerk enter default judgment against Nationstar. He filed another Request for Entry of Partial Default Judgment [Docket No. 24] on September 23, 2019. The Court considered all of the foregoing, found that the complaint was not for a sum certain, and that it was therefore not appropriate for the Clerk to enter default judgment against Nationstar. Accordingly, the Court denied Docket Nos. 15, 19, 20, and 24 [Docket No. 32.]

Plaintiff then filed a Motion to File Second Amended Complaint on September 3, 2019, to which he attached his proposed Second Amended Complaint. The Court entered an Order on

October 3, 2019 [Docket No. 33] authorizing the Plaintiff to file his Second Amended Complaint by October 13, 2019.  Plaintiff did not understand the deadline set by the Court, and the Court ordered Plaintiff to file the Second Amended Complaint (again) and serve it on the parties by November 1, 2019.  [Docket No. 47.]  Bank of America and Nationstar filed a Motion to Dismiss the First Amended Complaint and Second Amended Complaint and Motion to Set Aside Entry of Default on October 21, 2019 [Docket Nos. 49 and 50].  Plaintiff filed a response in opposition. [Docket No. 66].

Thereafter, Plaintiff filed a Motion to Withdraw Second Amended Complaint [Docket No. 51] on October 22, 2019 and an Opposition to the Motion to Dismiss on October 25, 2019 [Docket No. 56].  Bank of America and Nationstar filed a Motion to Dismiss the First Amended Complaint and Motion to Set aside Default on October 28, 2019 [Docket No. 60].  Plaintiff also filed a Motion to Remove to District Court [Docket No. 62], in which he seems to seek to withdraw the reference.

Plaintiff then filed the Second Amended Complaint [Docket No. 63] on October 31, 2019. It appears the Second Amended Complaint modifies the original complaint and the Amended Complaint by adding additional factual allegations but not changing the grounds for relief. Plaintiff appears to challenge Bank of America's and Nationstar's standing to foreclose on the Property and contends Bank of America and Nationstar engaged in fraud.  He also seeks injunctive relief against the disposition of the Property and seeks relief under other federal laws including HAMP and federal civil RICO laws.  In the conclusion, Plaintiff seeks a declaratory judgment the mortgage on the Property has been paid, to enjoin Bank of America and Nationstar from foreclosing on the Property, an order directing Bank of America to immediately pay Plaintiff $3.6 million for the Property and other real property, for Bank of America and Nationstar to adopt

certain policies under HAMP, damages in an amount of at least $50 million as well as attorney's fees, and a jury trial.

Bank of America and Nationstar filed a third motion, the Motion to Dismiss Plaintiff's Second Amended Complaint and Motion to Set Aside Entry of Default, on November 6, 2019 [Docket No. 69]. Bank of America and Nationstar seek, inter alia, to set aside the default entered as to Nationstar, and to dismiss the Second Amended Complaint with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim for relief under Rule 12(b)(6), or, alternatively, for the Court to abstain. Plaintiff responded to this motion with his own "Motion to Strike" the Motion to Dismiss [Docket No. 72], and Bank of America and Nationstar replied [Docket No. 73].

Most recently, Plaintiff filed a Praecipe and/or Line requesting default against Bank of America [Docket No. 74], and a Motion for Default and Default Judgment against Bank of America [Docket No. 75]. Bank of America responded [Docket No. 77], and Plaintiff filed a reply [Docket No. 78].

**Setting Aside Default as to Nationstar**

Nationstar seeks to set aside the default the Clerk entered against it on September 13, 2019. In his Motion to Strike, Plaintiff contends the default should not be set aside because no good cause has been shown and Nationstar cannot file a motion to dismiss or other document until the default is set aside.

Under Rule 55(a) of the Federal Rules of Civil Procedure, made applicable to an adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P.

55(a).  An entry of default is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment.

Federal Rule of Civil Procedure 55(c), made applicable by Federal Rule of Bankruptcy Procedure 7055, provides that the court may set aside an entry of default for "good cause."  Fed. R. Civ. P. 55(c).  The Eleventh Circuit has held that the "good cause" standard is a liberal one. Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996); see also Durango Ga. Paper Co. v. Dave King Paper Sales and Consulting, Inc. (In re Durango Ga. Paper Co.), 314 B.R. 881, 883 (Bankr. S.D. Ga. 2004) ("This provision imposes a very low standard").

Rule 55 does not set any time limit for bringing a motion for relief from entry of default, and the Court has discretion to set aside an entry of default.  Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993); Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984).  In exercising its discretion, the Court is mindful of the strong policy favoring the determination of a case on its merits.  Fla. Physician's Ins. Co., 8 F.3d at 783.  Courts generally consider four factors in determining whether good cause exists to set aside an entry of default, as set forth in Rogers v. Allied Media (In re Rogers), 160 B.R. 249, 252 (Bankr. N.D. Ga. 1993) (Drake, J.) (citing Turner Broadcasting System, Inc. v. Sanyo Elec., Inc., 33 Bankr. 996, 1001 (N.D. Ga. 1983), aff'd 742 F.2d 1465 (11th Cir. 1984)): (1) whether the defaulting party has acted promptly to vacate the default; (2) whether the defaulting party has presented a plausible excuse explaining the reasons for the default; (3) whether the defaulting party asserts a meritorious defense; and (4) whether the non-defaulting party will be prejudiced by setting aside the default.  The defaulting party, i.e. the party seeking relief, bears the burden of showing that the factors favor setting aside the default or

default judgment.  African Methodist Episcopal Church, Inc. v. Ward, 185 F.3d 1201, 1203 (11th Cir. 1999).

A motion to set aside a clerk's entry of default should be made with reasonable promptness. Rogers, 160 B.R. at 252.  "[W]hether a party has taken 'reasonably prompt' action . . . must be gauged in light of the facts and circumstances of each occasion."  Kim v. Nyce, No. AW-09-1572, 2010 WL 2367383, at *3 (D. Md. June 7, 2010) (citing United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982)).  On the one hand, a party's refusal to respond to an action of which it has knowledge weighs against setting aside a default.  See also Turner Broadcasting System, Inc. v. Sanyo Elec., Inc., 33 B.R. 996, 1001-02 (N.D.Ga.1983), aff'd, 742 F.2d 1465 (11th Cir.1984) (delay of over four months not reasonable).  On the other hand, brief delays in filing are typically considered excusable and, so long as the defendant made the request within a reasonable time after the default, a motion to set aside an entry of default warrants further consideration.  Rogers, 160 B.R. at 252 (citing Atlanta Gas Light Co. v. Semaphore Advertising, Inc., 747 F.Supp. 715, 718 (S.D. Ga.1990)).  For example, in Rogers, the court determined that the passing of less than one month from the time of entry of default to the time of the filing of the motion to set aside was not per se unreasonable.  160 B.R. at 252.

Nationstar waited over a month before taking any action to set aside the default, but in the context of this case, the delay was not altogether unreasonable.  Plaintiff has filed multiple complaints in this case, and each subsequent complaint has superseded the prior one.  For example, Plaintiff filed an Amended Complaint on August 20, 2019, and a Motion to file a Second Amended Complaint on September 3, 2019.  Only nine days later, Plaintiff requested a default judgment against Nationstar. Since amended complaints supersede the prior complaint, Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007), Nationstar can be excused for thinking

it did not need to answer the original complaint.  Nationstar would have been better served to have immediately moved to set aside the default, but the Court then permitted the filing of the Second Amended Complaint by order of October 3, 2019.  The multiple filings understandably could have caused confusion as to what pleading was the operative one and what claims were being alleged against Nationstar.  The Court thus finds Nationstar presented a plausible excuse as to why it did not respond to Plaintiff's filings sooner.  Considering the case as a whole, the first and second factors weigh in favor of Nationstar.

As to the third factor, Nationstar has asserted a meritorious defense.  This is a critical issue because without a meritorious defense a defendant cannot win at trial.  There is no point in opening the default if a defendant cannot demonstrate the possibility of his winning.  United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).  When a meritorious defense exists, any doubts should be resolved in favor of the motion to set aside the default, so that cases may be decided on their merits.  See Arif Merch. v. Ali (In re Ali), Nos. 15-61641-PWB, 17-05230-PWB, 2018 WL 3603021 (Bankr. N.D. Ga. July 25, 2018) (finding the debtor's meritorious defense the most critical factor in deciding to set aside the entry of default).  While Nationstar did not initially respond to the original complaint or first Amended Complaint, it has since filed a Motion to Dismiss the First Amended Complaint and Second Amended Complaint and Motion to Set Aside Entry of Default [Docket Nos. 49 and 50], and a Motion to Dismiss Plaintiff's Second Amended Complaint and Motion to Set Aside Entry of Default [Docket No. 69], both of which extensively address Plaintiff's allegations.  The Court finds reopening the default would not be futile.

Further, Plaintiff has shown no prejudice if the default is set aside, which generally requires a showing that evidence has been lost, destroyed, or will be more difficult to obtain, or that the

8

plaintiff's costs will increase to an unfair degree as a result of setting aside the default.  See e.g., In re Bailey, 411 B.R. 492, 495 (Bankr. S.D. Ga. 2009).  On the one hand, Nationstar faces significant financial loss if the Court were to enter default judgment against it.  On the other hand, Plaintiff has shown no prejudice and there appears to be no prejudice to Plaintiff in setting aside a default that was entered on a complaint that is now a nullity due to the filing of the Second Amended Complaint.  See Saint–Gobain Autover USA, Inc. v. Fuyao Glass Indus. Group Co., No. 05–71079, 2005 WL 3454402, at *2 (E.D. Mich. Dec.16, 2005).  When Plaintiff filed the Second Amended Complaint on October 31, 2019, it superseded all former pleadings.  As the Eleventh Circuit explained in Pintando, 501 F.3d at 1243, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment and is no longer a part of the pleader's averments against his adversary."  Id. (citing Dresdner Bang AG, Dresdner Bank AG in Hamburg v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted); Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.")).  The default that was entered against Nationstar was as to the original complaint, which has since been superseded, most recently by the Second Amended Complaint.  The default is therefore moot.  See e.g., Mercer v. Csiky, No. 08-11443-BC, 2010 WL 2671329, at *2 (E.D. Mich. June 30, 2010) (setting aside the clerk's entry of default against defendant as moot after concluding the amended complaint superseded the original complaint, the original complaint was therefore a nullity, and the clerk's entry of default based on the defendant's failure to answer or otherwise respond to the original complaint was likewise a nullity); see also Winston v. City of Laurel, No. 2:12CV61-KS-MTP, 2012 WL 5381346, at *2 (S.D. Miss. Oct. 31, 2012) (finding the amended complaint superseded

the original complaint and rendered it of no legal effect and no longer operative, so the defendant's default with respect to that pleading was moot).

The Court finds Nationstar's default was mooted when Plaintiff filed the Second Amended Complaint and should be set aside for cause under Rule 55(c). Though Nationstar could have moved more expeditiously to set aside the default entered against it, the delay was mitigated by the confusion caused by Plaintiff's multiple filings and additional pleadings. Further, Plaintiff suffers no prejudice by setting aside the default on a complaint that is now a nullity. The Court thus finds the delay excusable and that Nationstar has established good cause to set aside the entry of default. Nationstar's Motion to Set Aside Default [Docket No. 69] is granted.

**Default and Default Judgment as to Bank of America**

Plaintiff once again seeks an entry of default and default judgment against Bank of America [Docket No. 75]. Pursuant to Federal Rule of Bankruptcy Procedure 7012(a), a defendant's obligation to answer a complaint is not triggered until the complaint is duly served. Fed. R. Bankr. P. 7012(a) ("If a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court." Fed. R. Bankr. P. 7012(a)); see also In re Campbell, No. 16-80837, 2017 WL 2870132, at *4 (Bankr. W.D. La. July 5, 2017). Being "duly served" means in due or proper form or according to legal requirements.

In an adversary proceeding, a plaintiff must serve on a defendant the summons, along with a copy of the complaint, and file proof of service of the same, in accordance with the Federal Rules of Bankruptcy Procedure. Pursuant to Bankruptcy Rule 7004(e), service must be made within 7 days after the issuance of the summons. Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed, Tannenbaum v. United

States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), a *pro se* litigant must still follow procedural rules.  See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (affirming district court order dismissing complaint where pro se plaintiff failed to properly effect service on the defendant).  Without proper service, a defendant cannot be said to have failed to plead or otherwise defend.  See Tompkins & Assocs. v. Mack (In re Mack), Adv. No. 03-9208-JEM, 2004 WL 5848040 (Bankr. N.D. Ga. Mar. 16, 2004) (finding that defendant was not in default where service was insufficient and denying plaintiff's motion for default judgment); see also Lindsay v. Beggins (In re Lindsay), Nos. 17-65425-WLH, 17-5265-WLH, 2018 WL 1508552 (Bankr. N.D. Ga. Mar. 26, 2018).

Here, the Court's exercise of personal jurisdiction over Bank of America is improper due to improper service.  The Second Amended Complaint superseded Plaintiff's prior pleadings, but it was not served on Bank of America.  The certificate of service attached to the Second Amended Complaint states a copy of the Second Amended Complaint was hand delivered to the Debtor.  It does not list Bank of America, and Plaintiff admits in the Motion for Default and Default Judgment [Docket No. 75] that he did not serve a copy of the Second Amended Complaint on Bank of America.  It is unclear if a summons for the Second Amended Complaint was ever served on Bank of America.[1]  Once counsel appeared for Bank of America by filing the first Motion to Dismiss on October 21, 2019, service on Bank of America could have been perfected by serving counsel via first class mail.  Fed. R. Bankr. P. 7004(h)(1).  Plaintiff, however, has provided no evidence the Second Amended Complaint and Summons were served on counsel as required.  Accordingly, Plaintiff has failed to properly serve process on Bank of America as required by the Bankruptcy Rules.

---

[1] While Plaintiff requested an Alias Summons [Docket No. 65] and a Second Alias Summons for Bank of America [Docket No. 71], he did not file a certificate of service showing either summons was ever served on Bank of America.

Entry of default judgment under Fed. R. Bankr. P. 7055 is discretionary.  In re Alam, 314 B.R. 834, 837 (Bankr. N.D. Ga. 2004).  In exercising discretion, the court should consider many different factors that may appear from the record before it, including that the court must have personal and subject-matter jurisdiction over the defendant and this "jurisdiction must appear on the face of the complaint."  Pitts v. Seneca Sports, Inc., 321 F.Supp. 2d 1353, 1356 (S.D. Ga. 2004).  The court may also consider whether it would later be obliged to set aside the default on a defendant's motion.  See Bross Utilities Service Corp. v. Aboubshait, 489 F. Supp. 1366, 1368 n.3 (D. Conn. 1980) ("The entry of default judgment is a matter committed to the discretion of the court, and the susceptibility of such a judgment to subsequent attack is a factor to be considered in determining whether judgment should be entered.").  As the Court previously stated in ruling on Plaintiff's earlier requests for default and default judgment, it would be meaningless for the Court to enter default judgment as to Bank of America when Plaintiff has failed to establish the Court has personal jurisdiction over it.

Moreover, Bank of America has timely responded to the Second Amended Complaint by filing the Motion to Dismiss or Abstain within 30 days of the filing of the Second Amended Complaint.  Under Fed. R. Civ. P. 12(b), made applicable to adversary proceedings by Fed. R. Bankr. P.7012, a motion to dismiss for failure to state a claim or lack of subject matter or personal jurisdiction, among other grounds, must be filed before filing a responsive pleading.  Bank of America is not in default, and there is no basis for the entry of default or a default judgment.  Accordingly, Plaintiff's Praecipe and/or Line requesting default against Bank of America [Docket No. 74] and Plaintiff's Motion for Default and Default Judgment [Docket No. 75] are denied.

Having determined it will set aside the default entered as to Nationstar, and that default and default judgment as to Bank of America are not appropriate, the Court will deny the portions

12

of Plaintiff's Motion to Strike Defendants' Motion to Dismiss and Set Aside Default [Docket No. 72] that relate to a default or a default judgment.

**Removal**

Plaintiff filed a Motion to Remove to District Court [Docket No. 62], in which he appears to seek to withdraw the reference as to portions of the complaint, particularly as to RICO, any criminal complaints, and any other portion of the complaint over which the Court does not have jurisdiction. A motion to withdraw the reference is a request for the District Court to handle a matter, or an adversary proceeding, rather than the Bankruptcy Court. Plaintiff filed the Motion on October 28, 2019. No Defendants responded.

Rule 5011 governs motions to withdraw the reference, requiring that such motions be determined by the District Court. That rule provides the motion should be filed with the clerk of the Bankruptcy Court, who then transmits the motion to the clerk of the district court. See Fed. R. Bankr. P. 5011(a). Bankruptcy Local Rule 5011-1 et seq. provides additional requirements. The rule states: "A request for withdrawal of the reference of a case or a proceeding referred to the Bankruptcy Court must be made by motion. All such motions must conform to BLR 7007-1. In addition, all such motions must clearly and conspicuously state, 'RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE,' and should refer to and comply with 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a)." BLR 5011-1. As set forth in 28 U.S.C. §157(d) and BLR 5011-2, a motion to withdraw the reference must be timely filed. BLR 5011-2(b) provides: "A motion to withdraw the reference of all or any part of an adversary proceeding must be served and filed not later than the time for answering or otherwise responding to the pleading or paper in which the ground for the motion to withdraw the reference first arises." BLR 5011-5 provides that the

Bankruptcy Clerk will transmit the record to the District Court "when the record is complete for purposes of transmittal[.]"

The Motion to Remove is not a proper motion to withdraw the reference. See In re Sattler's, Inc., 73 B.R. 780, 784–85 (Bankr. S.D.N.Y. 1987) (bankruptcy court may evaluate "sufficiency" of motion to avoid swamping district court with deficient pleadings). Plaintiff's motion is untimely, incomplete, and fails to comply with Bankruptcy Rule 5011 and BLR 5011-1 et seq. It was not filed until October 28, 2019, more than 60 days after the initial complaint was filed. It does not clearly and conspicuously state, "RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE," and it does not refer to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a). Plaintiff has also not provided a complete record of the copies and required exhibits required by BLR 5011-3. The motion is therefore deficient. Plaintiff has also sought and obtained relief from stay to litigate matters against Nationstar in state court in South Carolina, so there seems to be no reason to litigate the matter in district court. Because the Motion to Remove is deficient and this case is proceeding in state court, the Court denies the Motion to Remove [Docket No. 62].

**Abstention**

Plaintiff contends the Court should not consider any of Nationstar's motions before the default against it is set aside. The Court has considered and now granted Nationstar's request to set aside the default, so consideration of its request for abstention, together with Bank of America's, is proper. The Court will abstain from this adversary proceeding.[2] Under 28 U.S.C.

---

[2] Note that a court may abstain from hearing a matter even after default is entered. See e.g., Ray McQuaig, Inc. v. Groth (In re Groth), Nos. A01-75680-PWB, 02-9102, 2004 WL 5848060 (Bankr. N.D. Ga. Feb. 27, 2004) (finding several factors weighed in favor of abstention – the plaintiff sought entry of default judgment against a non-debtor, no bankruptcy provisions were involved and the outcome would have no impact on the handling and administration of the bankruptcy estate, and the matter could be resolved in state court – and, accordingly, abstention was appropriate after entry of default).

§ 1334(c)(1), the Court has discretion to abstain from hearing a case "in the interest of justice, or in the interest of comity with State courts or respect for state law." Id. Courts may exercise their authority to abstain *sua sponte*. Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992).

Courts employ a multifactor test to determine whether abstention is appropriate. Courts consider the following nonexclusive factors:

> (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable law;
> (4) the presence of related proceedings commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than form of an asserted "core" proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial; and
> (12) the presence in the proceeding of non-debtor parties.

Ret. Sys. of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 530–31 (M.D. Ala. 2002). These factors weigh heavily in favor of abstention in this adversary proceeding.

Factors two, four, eight, and ten weigh in favor of abstention because this adversary proceeding largely involves state law issues which are presently before a state court. State law issues predominate over bankruptcy issues in this adversary proceeding. Plaintiff appears to challenge Bank of America's and Nationstar's standing to foreclose on the Property, seeks injunctive relief against the disposition of the Property, and requests the Court order Defendants to issue him a new home loan. These are not causes of action created by the Bankruptcy Code and they do not arise only in bankruptcy proceedings. Matters of standing and possession can and do

15

exist outside the bankruptcy context and can be resolved in another forum.  Indeed, relief from stay has already been granted for the parties to litigate these very issues and proceed with pending litigation in the Florence County, South Carolina Court of Common Pleas.  Further, any orders issued by the South Carolina state court Plaintiff seeks to challenge, and the process by which they were obtained, are open to reversal or modification in an appropriate and timely state court appellate proceeding.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); In re Uni-Marts, LLC, 404 B.R. 767, 788 (Bankr. D. Del. 2009).  The Court is confident the state courts can adjudicate the claims.

The eighth factor also weighs in favor of abstention where state law claims can easily be severed from core bankruptcy matters to allow a judgment to be entered in state court.  In re TitleMax Holdings, LLC, 447 B.R. 896, 902 (Bankr. S.D. Ga. 2010).  In such cases, the state court can decide the issues and, if there is any recovery, the bankruptcy court merely has to enforce the bankruptcy plan in accordance with that recovery.  See In re Norrell, 198 B.R. 987, 996 (Bankr. N.D. Ala. 1996).  The Second Amended Complaint seeks disallowance of Nationstar's proof of claim in the Debtor's case and to deny confirmation of Debtor's Chapter 13 plan, both of which can easily be severed from Plaintiff's other claims.  Once a final determination of the rights of the parties is made in state court, the Bankruptcy Court can rely on that final judgment to make decisions as to the proof of claim and the Chapter 13 plan.  For the reasons stated in this section, the Court determines this litigation need not remain in this Court but, if a judgment is ultimately rendered for the Debtor in state court, the Court can consider the impact on the Debtor's bankruptcy case and Chapter 13 plan.

Factors five and twelve also weigh in favor of abstention because Plaintiff is not a debtor; his wife is a debtor, but he is not.  The primary litigants in this matter are non-debtors, as the

16

purported claims against Bank of America and Nationstar are asserted by a non-debtor against other non-debtors.  Similarly, there is no jurisdictional basis other than 28 U.S.C. § 1334 for most of Plaintiff's claims.  The Bankruptcy Court is a court of limited jurisdiction and it may only hear and determine cases under Title 11 and all core proceedings arising under Title 11 or arising in a case under Title 11 or that are otherwise related to a case under Title 11.  See 28 U.S.C. § 157(b)(1); and (c)(1).  Plaintiff asserts various claims under HAMP and RICO, and requests the Court order Bank of America and Nationstar to issue him a new home loan, all of which are not claims or causes of action that arise under title 11 or in a case under title 11.  There is simply no relation between Plaintiff's claims for personal damages under these statutes and his wife's bankruptcy case.

The first, sixth, and seventh factors also weigh in favor of abstention here.  Plaintiff's claims are, at best, loosely related to the Debtor's bankruptcy case and this adversary proceeding would have little effect on the efficient administration of the Debtor's bankruptcy estate.  A civil proceeding is related to a bankruptcy case if "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy."  Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc), 910 F.2d 784, 788 (11th Cir. 1990) (quoting Pacor, Inc. v. Higgins (In re Pacor, Inc), 743 F.2d 984, 994 (3rd Cir. 1984); see also Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995).  The relief Plaintiff seeks could conceivably have an effect on the Debtor's estate because the Debtor owns the Property and the whole purpose of the Debtor's plan is to pay the debt related to the Property.  While this matter may relate to the Debtor's bankruptcy case, much of the Second Amended Complaint are noncore matters on which this Court lacks authority to enter a final judgment and final order absent consent of the parties.  See 28 U.S.C. § 157(c)(2).  Even if this Court could hear the proceeding as a related matter, it would submit proposed findings of fact and

conclusions of law to the district court for *de novo* review and rendition of a final judgment.  See 28 U.S.C. § 157(c)(1); Wellness Int'l Network, Ltd. v. Sharif, 575 U.S. 665 (2015); Exec. Benefits Ins. Agency v. Arkison, 573 U.S. 25 (2014).  This adversary proceeding would thus place an additional burden on the Court's docket, and the District Court, without substantially impacting Plaintiff's bankruptcy case.

Finally, Plaintiff has demanded a jury trial, which weighs heavily in favor of abstention.  Abstention will not prejudice any party; if anything, this case can be managed more efficiently in state court.  Thus, the Court abstains from hearing the case as to Bank of America and Nationstar under 28 U.S.C. § 1334(c).

The Court will also abstain from this adversary proceeding as to the Debtor.  While Plaintiff names his wife as a Defendant, the primary litigants in this matter are non-debtors and the gravamen of this adversary proceeding consists of Plaintiff's claims against Bank of America and Nationstar.  In fact, Plaintiff does not seem to assert any claims against the Debtor, and the Debtor filed an "Answer" to the Amended Complaint in which she stated she and Plaintiff had "negotiated a settlement whereby all claims are settled: and Defendant and Plaintiff's claims are joined." [Docket No. 12.]  The Court finds abstention as to the Debtor is appropriate, to the extent Plaintiff actually has any claims against her.  This Order is without prejudice to Debtor filing an objection to Nationstar's claim if the state court enters a final judgment in her favor against Nationstar.

**Motions to Dismiss**

Bank of America and Nationstar filed a Motion to Dismiss the First Amended Complaint and Second Amended Complaint and Motion to Set Aside Entry of Default on October 21, 2019 [Docket Nos. 49 and 50], and a Motion to Dismiss the First Amended Complaint and Motion to Set aside Default [Docket No. 60].  When Plaintiff filed the Second Amended Complaint on

October 31, 2019 it superseded all former pleadings and the First Amended Complaint was no longer the operative pleading.  Accordingly, Bank of America and Nationstar's motions seeking dismissal of the First Amended Complaint are moot.

Having determined it will exercise its discretion to abstain from hearing this adversary proceeding as to Bank of America and Nationstar, the Court will not address Bank of America's and Nationstar's alternative arguments that Plaintiff's claims in the Second Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) and (b)(6).  Likewise, the Court will not address the portions of Plaintiff's Motion to Strike addressing the dismissal of the action.

Accordingly,

**IT IS ORDERED** that Bank of America's and Nationstar's Motions to Dismiss Plaintiff's Complaints and Motion to Set Aside Entry of Default or to Abstain [Docket Nos 49, 50, 60 and 69] are **GRANTED IN PART as set forth herein;**

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default as to Nationstar entered on September 13, 2019 is **SET ASIDE;**

**IT IS FURTHER ORDERED** that Plaintiff's Praecipe and/or Line requesting entry of default against Bank of America [Docket No. 74] and Plaintiff's Motion for Default and Default Judgment [Docket No. 75] are **DENIED;**

**IT IS FURTHER ORDERED** that Plaintiff's Opposition to Defendant's Motion to Dismiss and Set Aside Default and Plaintiff's Motion to Strike Defendants' Motion to Dismiss and Set Aside Default [Docket Nos. 56 and 72] are **DENIED as set forth herein;**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remove to District Court [Docket No. 62] is **DENIED;**

19

**IT IS FURTHER ORDERED** that the Court **ABSTAINS** from hearing this adversary proceeding as to all Defendants pursuant 28 U.S.C. § 1334.

### ### END OF ORDER ###

**DISTRIBUTION LIST**

M. Eugene Gibbs
3108 Hidden Falls Drive
Buford, GA 30519

Barbara Albytine Gibbs
3108 Hidden Falls Drive
Buford, GA 30519

Christine S. Kapur
Jarrod S. Mendel
McGuireWoods, LLP
1230 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30309-3534

Nancy J. Whaley
Nancy J. Whaley, Standing Ch. 13 Trustee
303 Peachtree Center Avenue
Suite 120, Suntrust Garden Plaza
Atlanta, GA 30303