**IT IS ORDERED as set forth below:**



**Date: May 5, 2020**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 19-54809 |
| | ) | |
| BARBARA ALBYTINE GIBBS, | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | JUDGE WENDY L. HAGENAU |
| | ) | |
| M. EUGENE GIBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. PROC. NO. 19-5272 |
| | ) | |
| BARBARA ALBYTINE GIBBS, | ) | |
| NATIONSTAR MORTGAGE LLC | ) | |
| d/b/a/ Mr. Cooper, | ) | |
| BANK OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

**THIS MATTER** is before the Court on Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 82) (the "Motion").

Plaintiff initiated this adversary proceeding by filing a complaint against his wife, the Debtor Barbara Albytine Gibbs, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), and

1

Bank of America. Plaintiff filed subsequent pleadings and many other documents, which are detailed in the Court's Order on Motions Regarding Nationstar and Bank of America, Setting Aside Entry Of Default As To Nationstar, Denying Motion For Entry Of Default And Default Judgment Against Bank Of America And Abstaining As To All Defendants (Doc. No. 79) (the "April Order"). Plaintiff filed the Motion on April 16, 2020, asking the Court to reconsider the April Order. The Motion restates the same arguments previously presented to and rejected by this Court. Plaintiff contends Nationstar and Bank of America do not have standing, the default as to Nationstar should not be set aside, and he is entitled to judgment against both Nationstar and Bank of America. Plaintiff also contends the Court should not have abstained from this adversary proceeding. These arguments tread ground already covered.

After filing the Motion, Plaintiff filed a "Clarification" (Doc. No. 87), in which he contends Bank of America was only permitted to file one motion to dismiss and Bank of America is somehow not a party because he did not serve Bank of America.

**Defendants Entitled to Respond**

As a preliminary matter, Plaintiff seems to contend that Bank of America is not a party because it was not served, and he argues Bank of America and Nationstar were only permitted to file a single motion to dismiss. The Court finds these arguments unavailing.

Plaintiff named Bank of America in the complaint and all subsequent pleadings and has repeatedly stated allegations against Bank of America. Plaintiff has sought relief against Bank of America, though he has not demonstrated Bank of America was properly served. Insufficient service of process does not mean the entity is not a "party" – rather, it means the court lacks personal jurisdiction over the defendant so the Court cannot render judgment over it. Kelly v. Florida, 233 Fed. Appx. 883, 884 (11th Cir. 2007). Despite Plaintiff's protestations, he clearly

2

believes Bank of America is a defendant because he asks for a default judgment against it. The fact he did not serve Bank of America with the Second Amended Complaint does not mean it is not a party entitled to file pleadings as the complaint applies to all defendants named.

Further, Bank of America and Nationstar were entitled to file motions to dismiss or other responses each time Plaintiff amended the complaint. When an amended complaint is filed, the plaintiff must serve the defendant with the new pleading, and the defendant must be given the opportunity to respond. See Estate of Faull v. McAfee, 727 F. App'x 548, 552 (11th Cir. 2018) (finding when the third amended complaint was filed, and became the operative complaint, the defendant "must be given an opportunity to respond to the third amended complaint"); see Fed. R. Civ, P. 5(a)(2) ("a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.") and Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that a defendant must serve an answer within 21 days after being served with a complaint). As the Eleventh Circuit has explained, "[i]t simply would be unfair to allow the plaintiff to change the scope of the case without granting the defendant an opportunity to respond anew." Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011) (citations omitted); see also Brown v. E.F. Hutton & Co., 610 F. Supp. 76, 78 (S.D. Fla. 1985) (explaining "it would be inequitable to entertain the Plaintiff's Second Amended Complaint without permitting the defendant to completely plead anew. . . . the Defendant should also be permitted, notwithstanding passage of time, to respond as if the second amended complaint were the original complaint"). When Plaintiff filed the First Amended Complaint and then the Second Amended Complaint, the Defendants were allowed to plead anew as though it were the original complaint. It was therefore well within Bank of America's and Nationstar's rights to file a new or amended motion to dismiss in response to each of Plaintiff's amended pleadings.

3

**Standard for Reconsideration**

Plaintiff seeks reconsideration of the April Order relying on Fed. R. Civ. P. 59(e), made applicable by Fed. R. Bankr. P. 9023, which permits bankruptcy courts to alter or amend an order or judgment. As explained by the Supreme Court, the rule "may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (citing 11 C. Wright & A. Miller, Fed. Prac. & Proc. § 2810.1, pp. 127-128 (2nd ed. 1995)); see also Devinsky v. Kingsford, No. 05 Civ.2064(PAC), 2008 WL2704338, at *2 (S.D.N.Y. July 10, 2008) (explaining "A motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome."). Accordingly, to prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact. In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted). Such motions should not be used to relitigate issues already decided, to pad the record for an appeal, or to substitute for an appeal. A motion to reconsider "is frivolous if it raises no manifest errors of law or misapprehensions of fact to explain why the court should change the original order." In re Miles, 453 B.R. 449, 450-51 (Bankr. N.D. Ga. 2011).

Although not cited by Plaintiff, another ground for setting aside an order of this Court exists under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b). The rule permits relief from a final judgment, order, or proceeding in certain circumstances. The decision to alter or amend a judgment is highly discretionary. Am. Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d

4

1237, 1238-39 (11th Cir.1985).  The Rule lists six categories of reasons or grounds on which to base a motion seeking relief from a final judgment, order, or proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(b) "was not intended to provide relief for error on the part of the court or to afford a substitute for appeal."  Matter of E.C. Bishop & Son, Inc., 32 B.R. 534, 536 (Bankr. W.D. Mo. 1983) (quoting Title v. U.S., 263 F.2d 28, 31 (9th Cir. 1959)).

**Reconsideration of Relief as to Nationstar**

Plaintiff has not presented any newly discovered evidence or established a manifest error of law or fact that would warrant reconsideration of the Court's decision to set aside the default as to Nationstar under Fed. R. Civ. P. 59.

Under Rule 55(a) of the Federal Rules of Civil Procedure, made applicable to an adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, an entry of default is a ministerial matter performed by the clerk when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.  The court may set aside an entry of default for "good cause."  Fed. R. Civ. P. 55(c); Fed. R. Bankr. P. 7055.  The "good cause" standard is a liberal one and imposes a very low standard.  Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996); see also Durango Ga.

5

Paper Co. v. Dave King Paper Sales and Consulting, Inc. (In re Durango Ga. Paper Co.), 314 B.R. 881, 883 (Bankr. S.D. Ga. 2004).  The Court has considerable discretion to set aside an entry of default.  Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993); Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984).

As the Court explained in the April Order, the default entered against Nationstar is moot because the default was entered on Plaintiff's original complaint, which was superseded and became a nullity when Plaintiff filed subsequent pleadings.  See Saint–Gobain Autover USA, Inc. v. Fuyao Glass Indus. Group Co., 2005 WL 3454402, at *2 (E.D. Mich. Dec.16, 2005).  Because the default was based on Nationstar's failure to answer or otherwise respond to the original complaint, which is a nullity (meaning it has no legal effect and is no longer operative), the default is likewise a nullity and should be set aside.

Plaintiff contends the Court caused confusion by requiring Plaintiff to serve his Second Amended Complaint.  As explained above, when an amended complaint is filed, the plaintiff *must* serve the defendant with the new pleading, and the defendant must be given the opportunity to respond.  Further, a plaintiff must demonstrate a showing of diligence and a reasonable effort to effect service, Sullivan v. Hall (In re Hall), 222 B.R. 275, 279 (Bankr. E.D. Va. 1998), and *pro se* litigants must follow these procedural rules.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  The Plaintiff is the one that filed the First Amended Complaint and sought permission to file the Second Amended Complaint.  The Court merely required Plaintiff to comply with the Federal Rules and requirements of due process by serving his new pleading.

Plaintiff contends Nationstar's default should not be set aside because it has not asserted a meritorious defense.  Typically, a party establishes a meritorious defense where "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action."

Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951); see also J Supor & Son Trucking & Riggins Co. v. Kenworth Truck Co., 791 F. App'x 308, 315 (3d Cir. 2019).  The Court is not required to resolve legal issues.  See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).  Rather, a proffered defense is sufficient if it is not facially unmeritorious.  See id.

Plaintiff challenges Nationstar's standing to foreclose on the Property.  Plaintiff also asserts various claims under HAMP and RICO and requests the Court order Bank of America and Nationstar to issue him a new home loan.  Plaintiff requests an injunction of a foreclosure sale and a declaration that the mortgage is not enforceable.  In response, Nationstar contends the Plaintiff does not have standing to assert the claims because he is not a signatory to the Note or mortgage.  Moreover, because the cause of action is brought by a non-debtor against a non-debtor, and because several of the claims are based on criminal laws, or other non-bankruptcy federal laws, Nationstar asserts the Court lacks subject matter jurisdiction over this proceeding.  The Court need not make a finding on the merits of the defenses asserted by Nationstar.  See Addison v. Reitman Blacktop, Inc., 272 F.R.D. 72, 81 (E.D.N.Y. 2010).  The Court finds, however, that Nationstar has asserted meritorious defenses.  Nationstar has raised a question as to this Court's jurisdiction over it and the subject-matter of this action.[1]  The Court, at a prior hearing, informed the Plaintiff that it did not have jurisdiction over criminal matters.  If Nationstar establishes that this Court lacks personal or subject-matter jurisdiction, it would have a complete defense to this action.  See HICA Educ. Loan Corp. v. Lepera, 2011 WL 3515911, at *2 (D.N.J. Aug. 10, 2011) ("Before entering a

---

[1] As the Court noted in the April Order, the purported claims against Nationstar are asserted by a non-debtor against another non-debtor, and the actions of which Plaintiff complains occurred prior to his wife filing her bankruptcy case. Plaintiff's claims are not claims or causes of action that arise under title 11 or in a case under title 11; Plaintiff's claims are, at best, loosely related to the Debtor's bankruptcy case and the adversary proceeding would have little effect on the efficient administration of the Debtor's bankruptcy estate.  While the Court need not decide the issue in determining whether to set aside the default as to Nationstar, the Court has already found that much of the Second Amended Complaint consists of noncore matters on which this Court lacks authority to enter a final judgment and final order absent consent of the parties.

7

default judgment as to a party . . . the district court has an affirmative duty to look into its jurisdiction over the subject matter and the parties.") (internal citations and quotations omitted). Moreover, Nationstar attached to its Motion to Dismiss a copy of a judgment from the state court in Florence County, South Carolina, which includes among its findings, that the Plaintiff is not a signatory on the Note or Mortgage. Nationstar attached a copy of a mortgage to the Motion to Dismiss as well, which names only the Debtor as a mortgagor, and not the Plaintiff. These attachments show Nationstar's defense does not lack merit. Further, this Court denied Plaintiff's Motion for Default Judgment (Doc. No. 32) concluding the amounts sought were not sums certain, so defenses are available to Nationstar on damages in any event. While the Court need not make any findings regarding these matters or take a position on whether Nationstar would ultimately succeed in its defenses, the Court finds Nationstar has asserted meritorious defenses that weigh in favor of setting aside the default.

The Court has already recognized that Nationstar could have acted more expeditiously to participate in the adversary proceeding, but it has since done so and presented sufficient cause to meet the standard under Fed. R. Civ. P. 55 for setting aside the default. Plaintiff has not presented any new facts or evidence to warrant reconsideration of this conclusion under Fed. R. Civ. P. 59.[2]

Plaintiff has also not demonstrated a basis to set aside the April Order under Fed. R. Civ. P. 60(b). Plaintiff has not proven mistake, inadvertence, surprise or excusable neglect. The Plaintiff fully participated in the pleadings leading to the April Order. Plaintiff has not pointed to any newly discovered evidence that would warrant reconsideration under Fed. R. Civ. P. 60(b)(2). Instead, he recites the same arguments the Court considered and addressed numerous times.

---

[2] While Plaintiff contends he is entitled to default judgment against Nationstar, the Court has already denied that motion. (Doc. No. 32).

8

Plaintiff alleges fraud and misconduct on the part of Nationstar. Pursuant to Fed. R. Civ. P. 60(b)(3), an order may be set aside in the event it was obtained by fraud, misrepresentation, or other misconduct by an opposing party and the movant must prove such by clear and convincing evidence. Scutieri v. Paige, 808 F.2d 785, 794 (11th Cir. 1987). The moving party must also demonstrate the conduct prevented him from fully presenting his case. See Waddell v. Hemerson, 329 F.3d 1300, 1309 (11th Cir. 2003); see also Venson v. Altamirano, 749 F.3d 641, 651 (7th Cir. 2014) ("The party seeking relief pursuant to Rule 60(b)(3) must show that he had a meritorious claim that he could not fully and fairly present at trial due to his opponent's fraud, misrepresentation, or misconduct.").

Plaintiff has not provided clear and convincing evidence that Nationstar engaged in fraud, misrepresentation, or other misconduct in obtaining the April Order. While he contends Nationstar filed fraudulent documents with the proof of claim it filed in the Debtor's bankruptcy case, he has not shown by clear and convincing evidence that Nationstar's alleged misconduct interfered with his ability to fully and fairly present his arguments to the Court or otherwise prevented him from obtaining a fair result here. Nothing submitted by Nationstar has adversely affected Plaintiff's ability to present his arguments and file multiple pleadings and motions and, in fact, the Court has carefully considered Plaintiff's arguments and numerous filings. Accordingly, the Court finds Plaintiff has not established fraud, misrepresentation, or misconduct in obtaining the April Order by Nationstar that would warrant reconsideration under Fed. R. Civ. P. 60(b)(3).

Plaintiff has not established a basis under Fed. R. Civ. P. 60(b)(4) for setting aside the April Order on the basis it is void. The concept of a void judgment is narrowly construed. "A judgment is not void . . . simply because it is or may have been erroneous. . . . . Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional

error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (cites omitted). Plaintiff was not deprived of due process, the Court has given his concerns ample consideration, and the Court had jurisdiction to enter the April Order. Thus, the judgment is not void.

No basis exists for setting aside the April Order under Fed. R. Civ. P. 60(b)(5). Most often, Fed. R. Civ. P. 60(b)(5) arises in the context of "institutional reform litigation" or prospective injunctions where the prospective actions are "reviewed for inequitable application because of changed circumstances." Lee v. Marvel Enters., Inc., 765 F.Supp. 2d 440, 451 (S.D. N.Y. 2011). Here, the April Order did not grant a prospective injunction, and Plaintiff has not identified any changed circumstances of the kind contemplated by this section.

Plaintiff has not articulated any basis that justifies relief from the April Order under Fed. R. Civ. P. 60(b)(6). This section affords the Court some discretion to address issues raised by the parties that necessitate the setting aside of a prior order or judgment. However, a Fed. R. Civ. P. 60(b)(6) motion must be based on some reason other than those stated in clauses (1)-(5). Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986); see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). The relief available under Rule 60(b)(6) is limited and is meant "only for extraordinary circumstances." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). The circumstances here are not extraordinary. In sum, Plaintiff has not established any of the grounds for setting aside the April Order as to Nationstar under Fed. R. Civ. P. 60.

**Reconsideration of Relief as to Bank of America**

Plaintiff contends the Court erred when it declined to enter default and default judgment against Bank of America. The Court finds no basis to set aside the April Order as to Bank of

10

America under Fed. R. Civ. P. 59 and 60(b).  Plaintiff has not presented any newly discovered evidence or established a manifest error of law or fact under Fed. R. Civ. P. 59 that would warrant reconsideration of the Court's decision to deny the entry of default and default judgment as to Bank of America.  He has provided no new facts to demonstrate that Bank of America is even in default (as Plaintiff himself notes, Bank of America actively responded to the Amended Complaint and Second Amended Complaint) and no evidence to suggest Bank of America was properly served with the Second Amended Complaint such that the entry of default or default judgment would be appropriate.

Plaintiff has also not demonstrated a basis to set aside the April Order as to Bank of America under Fed. R. Civ. P. 60(b).  Plaintiff has not proved mistake, inadvertence, surprise, or excusable neglect required under Fed. R. Civ. P. 60(b)(1).  Again, Plaintiff participated in the pleadings leading to the April Order.  Plaintiff has not pointed to any newly discovered evidence as required for relief under Fed. R. Civ. P. 60(b)(2).  Instead, he recites the same arguments the Court has considered and addressed.

Plaintiff has also not provided clear and convincing evidence that Bank of America engaged in fraud, misrepresentation, or other misconduct in obtaining the April Order to warrant reconsideration under Fed. R. Civ. P. 60 (b)(3).  He has not established any misconduct by Bank of America that interfered with his ability to fully and fairly present his arguments to the Court or otherwise prevented him from obtaining a fair result here.  The Court has carefully considered Plaintiff's arguments and numerous filings.  Accordingly, reconsideration under Fed. R. Civ. P. 60(b)(3) is not warranted.

Plaintiff has not established a basis under Fed. R. Civ. P. 60(b)(4) for setting aside the April Order as to Bank of America because the order is not void.  As noted above, the concept of a void

judgment is narrowly construed. Plaintiff was not deprived of due process and the Court has given his concerns ample consideration. Thus, the judgment is not void.

Similarly, no basis exists for setting aside the April Order as to Bank of America under Fed. R. Civ. P. 60(b)(5). The April Order has not been satisfied, released or discharged, and it was not based on any earlier judgment that has been reversed or vacated. The circumstances here are not extraordinary so as to justify setting aside the April Order as to Bank of America. In sum, the Court finds no basis for reconsideration of the April Order as to Bank of America under either Fed. R. Civ. P. 59 or 60.

**Reconsideration of Abstention**

Plaintiff contends the Court should not abstain from this adversary proceeding, stating the April Order will allow Defendants to "run with glee to South Carolina."

The Court notes it was Plaintiff who sought relief from stay to return to state court to litigate the very questions at issue in this adversary proceeding. The Court held a hearing in the Debtor's bankruptcy case on October 16, 2019, at which Plaintiff stated he wished to proceed with pending litigation in South Carolina. The Court construed Plaintiff's statements as a motion for relief from the automatic stay, and Debtor, counsel for Bank of America and Nationstar, and counsel for the Chapter 13 Trustee were all in favor of the relief requested. Accordingly, the Court lifted the stay for the parties to proceed with litigation pending in the Florence County South Carolina Court of Common Pleas case no. 2018-CP-21-03238 Nationstar Mortgage LLC vs. Gibbs and any appeals therefrom (Bankr. Docket No. 47). Stay relief was appropriate, as is abstention, because the South Carolina state court has already entered an order against Plaintiff and Debtor and the litigation should be concluded there.[3] No appeal was taken from the stay relief order.

---

[3] Plaintiff argues the Court ordered Defendants to provide any proof of ownership of the note. The docket does not reflect such an order. Instead, the Court lifted the stay for the parties to litigate that very question in state court.

12

Plaintiff states Nationstar's filing a proof of claim in his wife's bankruptcy case divested the South Carolina courts of jurisdiction. Federal Rule of Bankruptcy Procedure 3002(a) requires a creditor to file a proof of claim in a chapter 13 case, and a creditor that has filed a proof of claim in a bankruptcy case triggers the claims allowance process, thereby bringing itself within the jurisdiction of the bankruptcy court. Langenkamp v. Culp, 498 U.S. 42, 45 (1990). However, that does not prevent the creditor from seeking relief from stay to pursue claims elsewhere and filing a proof of claim does not permanently divest state courts of jurisdiction to consider issues between the parties. See Ritzen Grp., Inc. v. Jackson Masonry, LLC, 140 S. Ct. 582, 589 (2020) (explaining a bankruptcy court's order ruling on a stay-relief motion disposes of a procedural unit anterior to, and separate from, claim-resolution proceedings).

Plaintiff also contends this Court must declare his interest superior to the claim filed by Nationstar. The priority of interests in real property is a question of state law, see In re Hedrick, 524 F.3d 1175, 1181 (11th Cir. 2008), and one that the state courts can decide. As the Court stated in the April Order, once a final determination of the rights of the parties is made in state court, this Court can make a decision as to Nationstar's proof of claim. The Court notes further the Plaintiff has not filed a proof of claim in his wife's bankruptcy case.

Plaintiff has not presented anything new to suggest the Court erred in determining the appropriate place for resolution of the issues regarding the property is the state court. Likewise, Plaintiff has not provided any reason to suggest the Court should not have exercised its discretion to abstain from the case under 28 U.S.C. § 1334(c). See Steed v. Educ. Credit Mgmt. Corp. (In re Steed), 2020 WL 1596476, at *6 (Bankr. N.D. Ga. Mar. 31, 2020) (explaining that Congress very clearly gave bankruptcy courts discretion to abstain in almost any bankruptcy proceeding); see also Biase v. Nevoso, Pivirotto & Foster, P.A. (In re Barsan Contractors, Inc.), 2010 WL 3907116,

13

at *7 (D.N.J. Sep. 30, 2010) (stating there is a high degree of discretion inherent in the Bankruptcy Court's authority to exercise permissive abstention under Section 1334(c)). The Motion rehashes the same arguments the Court has previously considered and on which it has ruled. Plaintiff has not presented any new evidence or demonstrated the Court made a manifest error of law or fact or established any of the grounds set out in Fed. R. Civ. P. 60 to reconsider the Court's discretionary decision to abstain. Accordingly, relief from the abstention portion of the April Order is not warranted under Fed. R. Civ. P. 59 or 60, made applicable to bankruptcy cases under Fed. R. Bankr. P. 9023 and 9024.

**IT IS THEREFORE ORDERED** that the Motion is **DENIED.**

**END OF DOCUMENT**

**DISTRIBUTION LIST**

M. Eugene Gibbs
3108 Hidden Falls Drive
Buford, GA 30519

Barbara Albytine Gibbs
3108 Hidden Falls Drive
Buford, GA 30519

Christine S. Kapur
Jarrod S. Mendel
McGuireWoods, LLP
1230 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30309-3534

Nancy J. Whaley
Nancy J. Whaley, Standing Ch. 13 Trustee
303 Peachtree Center Avenue
Suite 120, Suntrust Garden Plaza
Atlanta, GA 30303