

**IT IS ORDERED as set forth below:**


**Date: March 22, 2022**

_Wendy L. Hagenau_
_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CASE NO. 19-54809** |
| | ) | |
| **BARBARA ALBYTINE GIBBS,** | ) | **CHAPTER 13** |
| | ) | |
| Debtor. | ) | **JUDGE WENDY L. HAGENAU** |
| | ) | |
| | ) | |
| **M. EUGENE GIBBS,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **ADVERSARY PROCEEDING** |
| | ) | **19-5272** |
| **NATIONSTAR MORTGAGE LLC** | ) | |
| **d/b/a/ Mr. Cooper,** | ) | |
| **BANK OF AMERICA,** | ) | |
| **BARBARA ALBYTINE GIBBS,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S RULE 60 MOTION**

1

**THIS MATTER** is before the Court on Plaintiff's Rule 60 Motion [AP Docket No. 120] (the "Motion"). Plaintiff M. Eugene Gibbs ("Mr. Gibbs") seeks to vacate and set aside the Court's order entered on April 10, 2020 which, inter alia, abstained from hearing the above-styled adversary proceeding [AP Docket No. 79], and requests the Court enter an order (i) finding Mr. Gibbs is a secured creditor with an interest superior to that of Nationstar, (ii) sanctioning Defendants and their attorneys, (iii) holding Defendants in default and granting his request for default judgment, and (iv) referring this matter to the Justice Department. Defendants responded to the Motion, and Mr. Gibbs filed a reply. Mr. Gibbs alleges the Defendants have committed perjury and subornation of perjury and fraud on the court. He complains about the Court's order setting aside the default of Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") and denying his motion for default judgment against Nationstar and Bank of America, N.A. ("Bank of America"). He claims the Court should have required Nationstar to provide documentation regarding its ownership of the loan secured by the Property and the Court should not have required him to serve the Second Amended Complaint. Having read and considered the Motion, the Response, and the Reply, the Court denies the Motion.

### Procedural History

Mr. Gibbs' wife, Barbara Albytine Gibbs, is the Debtor in the underlying bankruptcy case. Mr. Gibbs is not a debtor. Nevertheless, he and the Debtor have been involved in extensive litigation with Bank of America and Nationstar before this Court and elsewhere regarding residential real property located at 4257 Monterey Drive, Florence, South Carolina 29501 (the "Property").

Debtor filed a Chapter 13 bankruptcy case on March 27, 2019 and scheduled a secured claim of Nationstar against the Property. Nationstar filed a proof of claim in the Debtor's

bankruptcy case for $483,059.33. Debtor objected to Nationstar's claim contending the claim is not accurate. Nationstar responded and submitted a copy of a personal and foreclosure judgment entered by the Court of Common Pleas in Florence County South Carolina on March 4, 2019 against Debtor and in favor of Nationstar in the amount of $465,722.08, plus interest at 6.375% per annum until a foreclosure sale is conducted [Bankr. Docket No. 53]. The judgment is on appeal in South Carolina. The Court held a hearing on October 16, 2019 at which the Court heard argument about the proof of claim and the pending appeal of the South Carolina judgment, among other matters. Mr. Gibbs appeared and stated he wanted to proceed with the appeal of the South Carolina judgment; Debtor did not object. Accordingly, the Court lifted the automatic stay on October 21, 2019 specifically to allow litigation pending in the Florence County South Carolina Court of Common Pleas case no. 2018-CP-21-03238 Nationstar Mortgage LLC vs. Gibbs and any appeals therefrom to proceed [Bankr. Docket No. 47].

In the meantime, on August 7, 2019, Mr. Gibbs initiated this adversary proceeding by filing a complaint against his wife, Bank of America, and Nationstar. Mr. Gibbs filed an Amended Complaint [AP Docket No. 6] and, eventually, a Second Amended Complaint [AP Docket No. 63] which modified the original complaint and the Amended Complaint by adding additional factual allegations. Mr. Gibbs challenged Bank of America's and Nationstar's standing to foreclose on the Property, contended he and the Debtor were current on the obligation to Nationstar, and contended Bank of America and Nationstar engaged in fraud. He also sought injunctive relief against the disposition of the Property and relief under other federal laws, including HAMP and federal civil RICO laws, and a declaratory judgment that the mortgage on the Property has been paid and other relief.

3

Bank of America and Nationstar moved for dismissal of the Second Amended Complaint or, alternatively, for the Court to abstain [AP Docket No. 69]. On April 10, 2020, the Court entered an order setting aside the entry of default against Nationstar, denying a motion for entry of default and default judgment against Nationstar and Bank of America, and finding the question of standing with respect to the Property and the other issues raised could and should be determined by the courts in South Carolina. [AP Docket No. 79] (the "Abstention Order"). Mr. Gibbs filed a Motion for Judgment [AP Docket No. 81] in which he again contended the Defendants failed to provide proof of ownership of the note secured by the Property. The Court considered and denied the motion [AP Docket No. 84].

Mr. Gibbs also filed a Motion to Alter or Amend Judgment [AP Docket No. 82] under Federal Rule Civil Procedure 59 ("Rule 59"), made applicable by Federal Rule of Bankruptcy Procedure 9023, and a Clarification [AP Docket No. 87], which largely rehashed the same arguments the Court had previously considered. Mr. Gibbs alleged that the Nationstar proof of claim was not based on the South Carolina judgment so the South Carolina court was divested of jurisdiction; the Court had not determined the secured status of Mr. Gibbs' claim as requested; the Court should not have vacated the entry of default against Nationstar; the Court should not have required service of the Second Amended Complaint; the Court should have required proof from Nationstar of its claim; and Nationstar did not have standing to defend against his claim. The Court evaluated Mr. Gibbs' arguments, many of which are repeated in the Motion, under Federal Rule Civil Procedure 60 ("Rule 60") in addition to Rule 59. The Court considered Mr. Gibbs' allegations of fraud and misconduct by Nationstar, and concluded, inter alia, that Mr. Gibbs had not established fraud, misrepresentation, or other misconduct by Nationstar that would warrant reconsideration under Rule 60(b)(3). The Court entered an Order Denying Plaintiff's Motion to

4

Alter or Amend Judgment [AP Docket No. 97], which the Court incorporates in this opinion. Mr. Gibbs then appealed the Court's Abstention Order, Order Denying Plaintiff's Motion for Judgment [AP Docket No. 84], Order Denying Plaintiff's Praecipe and/or Line [AP Docket No. 85], and Order to Redact Plaintiff's "Clarification" Filing [AP Docket No. 86] to the United States District Court for the Northern District of Georgia (the "District Court") [AP Docket No 98] on May 2, 2020.

On October 30, 2020, after the appeal, Mr. Gibbs filed a Rule 60 Motion [AP Docket No. 106] seeking to vacate the Court's prior order abstaining from the adversary proceeding and seeking relief under Federal Rule of Bankruptcy Procedure 8008 ("Bankruptcy Rule 8008"). Mr. Gibbs alleged that Nationstar did not own the loan on the Property and committed mortgage fraud. The Court declined to enter relief pursuant to Bankruptcy Rule 8008 [AP Docket No. 107], because the motion was not meritorious and restated the same arguments previously presented to and rejected by the Court. Mr. Gibbs also filed a Motion for Recusal, seeking recusal and arguing the Court erred in its prior rulings, which the Court denied [AP Docket No. 113].

On November 19, 2020, the District Court entered an order and judgment affirming the Abstention Order [AP Docket No. 108]. The District Court held the Bankruptcy Court did not err when it required service of the Second Amended Complaint, set aside the entry of default against Nationstar, declined to enter default and default judgments against Nationstar and Bank of America, and decided to abstain from hearing the case.  Mr. Gibbs appealed to the Eleventh Circuit Court of Appeals ("Eleventh Circuit"), which dismissed as unreviewable Mr. Gibbs' challenge to the Court's decision to abstain from hearing the adversary proceeding. Mr. Gibbs filed subsequent motions for reconsideration and reversal, which the Eleventh Circuit denied as moot and dismissed the appeal for lack of jurisdiction [AP Docket No. 118].

### Rule 60(b) Standard

Mr. Gibbs seeks relief pursuant to Rule 60, made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 9024. Rule 60 permits relief from a final judgment, order, or proceeding in certain circumstances. The decision to alter or amend a judgment is highly discretionary. <u>Am. Home Assurance Co. v. Glenn Estess & Assocs.</u>, 763 F.2d 1237, 1238-39 (11th Cir.1985). Rule 60(b) lists six categories of reasons or grounds on which to base a motion seeking relief from a final judgment, order, or proceeding. It allows a party to be relieved from a judgment due to: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that could not have been discovered earlier with due diligence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that has been satisfied, released, discharged, reversed or vacated; or (6) any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b). "Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal." <u>In re E.C. Bishop & Son, Inc.</u>, 32 B.R. 534, 536 (Bankr. W.D. Mo. 1983) (quoting <u>Title v. United States</u>, 263 F.2d 28, 31 (9th Cir. 1959)).

### Timeliness

Pursuant to Rule 60(c)(1), a motion under Rule 60(b) must be made within a reasonable time, and a motion under Rule 60(b)(1)—(b)(3) must be made no more than one year after the entry of the order. A pending appeal does not toll the running of the one-year period. <u>SEC v. N. Am. Clearing, Inc.</u>, 656 F. App'x 947, 949 (11th Cir. 2016); <u>Sneed v. Pan Am. Hosp.</u>, 2010 WL 11519952, *1 (S.D. Fla. Nov. 9, 2010), <u>aff'd</u>, 435 F. App'x 839 (11th Cir. 2011).

Mr. Gibbs seeks relief from the Abstention Order, which was entered nearly two years ago, on April 10, 2020. The Order Denying Mr. Gibbs' Motion to Alter or Amend Judgment was

entered May 5, 2020, and the order denying Mr. Gibbs' prior Rule 60 Motion and request under Bankruptcy Rule 8008 was entered November 19, 2020. It has been over a year since these orders were entered. The appeal of the Abstention Order does not toll the one-year period under Rule 60(c)(1).

Mr. Gibbs argues that if the Court did not have jurisdiction to hear his prior Rule 60 Motion, the pendency of the appeal must toll the one-year period for filing such a motion. He notes that he filed this Motion less than 30 days after the Eleventh Circuit dismissed his appeal. Mr. Gibbs' prior Rule 60 Motion [AP Docket No. 106] sought relief under both Rule 60 and Bankruptcy Rule 8008. After a notice of appeal is filed, the lower court retains jurisdiction to entertain and deny a Rule 60(b) motion. Mahone v. Ray, 326 F.3d 1176, 1180 (11th Cir. 2003). However, following the filing of a notice of appeal, the lower court cannot grant a Rule 60(b) motion. See id. Accordingly, a court presented with a Rule 60(b) motion after a notice of appeal has been filed should consider the motion, assess its merits, and deny the motion or indicate its belief that the arguments raised are meritorious. Id.; see also Sutter v. United States, 703 F. App'x 774, 776–77 (11th Cir. 2017). Bankruptcy Rule 8008 provides a procedure for the issuance of an indicative ruling when a bankruptcy court determines that, because of a pending appeal, the court lacks jurisdiction to grant a request for relief that the court concludes is meritorious or raises a substantial issue. Fed. R. Bankr. P. 8008. Once a decision is made on appeal, it becomes law of the case, which means an issue decided is binding at later stages of the same case. United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) (quoting Williamsburg Wax Museum v. Historic Figures, 810 F.2d 243, 250 (D.C. Cir. 1987)); Aldana v. Del Monte Fresh Produce N.A., Inc., 578 F.3d 1283, 1288-89 (11th Cir. 2009).

When Mr. Gibbs filed his prior Rule 60(b) motion, the Court lacked jurisdiction to grant the requested relief given the matter was then on appeal. Mahone, 326 F.3d at 1180; Sutter, 703 F. App'x at 776–77. The Court reviewed the Rule 60(b) motion and found, in any event, it was not meritorious under Bankruptcy Rule 8008 since it merely restated the same arguments previously presented to and rejected by the Court, which were under consideration on appeal.

The District Court reviewed Mr. Gibbs' appeal and held that the Court did not err when it set aside the entry of default as to Nationstar and denied entry of default and default judgment against Nationstar and Bank of America. The District Court held that the Second Amended Complaint superseded the original complaint and had to be served in accordance with the Bankruptcy Rules. Once the decision was made on appeal, it became law of the case.

Mr. Gibbs filed the Motion on February 2, 2022. In the Motion, Mr. Gibbs alleges the Defendants have committed perjury, subornation of perjury, and fraud on the Court and paid bribes. He complains about the Court's order setting aside the default of Nationstar and denying his motion for default judgment against Nationstar and Bank of America and claims he should not have been required to serve his Second Amended Complaint on them. He also claims the Court should have required Nationstar to provide documents regarding ownership of the loan secured by the Property. To the extent Mr. Gibbs seeks relief from the Abstention Order pursuant to Rule 60(b)(1)-(b)(3), his request is not timely. Moreover, he is not entitled to relief based on mistake under Rule 60(b)(1), newly discovered evidence under Rule 60(b)(2), or fraud or misconduct under Rule 60(b)(3).

**Analysis**

Despite the untimeliness of his Motion, the Court will consider the relief requested. Mr. Gibbs requests the Court enter an order (i) vacating the Abstention Order, (ii) finding Mr. Gibbs

is a secured creditor with an interest superior to that of Nationstar, (iii) sanctioning Defendants and their attorneys, (iv) holding Defendants in default and granting his request for default judgment, and (v) referring this matter to the Justice Department. The Court will consider each request in turn.

### Reconsideration of the Abstention Order

Mr. Gibbs asks the Court to reconsider the Abstention Order under Rule 60(b). The crux of his argument appears to be that reconsideration is warranted under Rule 60(b)(3) because Nationstar engaged in fraud since it failed to prove it owned Debtor's mortgage note.[1] Mr. Gibbs seeks the reconsideration of the Court's decision to a) abstain, b) set aside the entry of default against Nationstar and deny entry of default judgment against Nationstar, and c) deny entry of default or default judgment against Bank of America.

To prevail under Rule 60(b)(3), a movant must prove by clear and convincing evidence that an adverse party obtained the verdict through fraud, misrepresentation or other misconduct. Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007). He also must show that the conduct prevented him from fully and fairly presenting his case or defense. Id.; Berber v. Wells Fargo, NA, 2021 WL 3661204, *2 (11th Cir. Aug. 18, 2021). In other words, the fraud or misconduct contemplated by Rule 60(b)(3) is fraud or misconduct on the part of the adverse party in obtaining the judgment by preventing the losing party from fully and fairly presenting his defense, not fraud or misconduct which would have amounted to a claim or defense in the case.

Vague allegations about fraudulent conduct by a mortgage company are not grounds to set aside an order under Rule 60(b)(3). See In re Monge, 2020 WL 1649616, *5 (Bankr. D.N.M. Apr.

---

[1] Mr. Gibbs is not a party to the Note.

2, 2020); see also PNC Bank, Natl. Assn. v. Botts, 2012 WL 5868891 (Ohio App. 2012)
(allegations that mortgage company engaged in fraud, by falsely maintaining that it was the owner
and holder of the mortgage and by manufacturing an assignment of mortgage so that it would
appear that it held the mortgage when it did not, were insufficient to establish relief under Ohio
counterpart to Rule 60(b)(3)). A claim that a mortgage company committed fraud by commencing
a foreclosure action even though it did not own the underlying note and mortgage is a matter that
should be presented as a claim or defense in the underlying foreclosure action. See Monge, 2020
WL 1649616 at *5.

Moreover, to be entitled to relief under Rule 60(b)(3), the moving party must establish that
the alleged fraud or misrepresentation, that it owned the note or mortgage, prevented the
complaining party from fully and fairly presenting its case or defense. For example, in In re Altier,
2017 WL 6541761 (Bankr. M.D. Fla. Dec. 21, 2017), the court found that allegations of fraud
relating to debtor's mortgage documents (debtor alleged there were no genuine or original "wet
ink" signatures and no original documents), could have been brought up in a prior hearing. The
court concluded the debtor had not established by clear and convincing evidence that the opposing
party obtained a sale order by fraud and, accordingly, relief under Rule 60(b)(3) was not warranted.

## Abstention

The Court decided in the Abstention Order to abstain from hearing the case pending the
outcome of the South Carolina litigation. As outlined in the Abstention Order, the purpose of
abstention is not to finally decide a matter, but to allow another forum to decide a matter based on
the factors outlined there. Mr. Gibbs wants this Court to decide his issues even though they are
pending in the South Carolina courts, the issues are on appeal, and the Court has lifted the stay to
allow that litigation to be completed. He has provided a litany of complaints about Defendants'

10

purported fraud that he believes should cause the Court to vacate its decision to abstain, but he has failed to provide clear and convincing evidence that the alleged actions of Bank of America and Nationstar meet the requirements of Rule 60(b)(3). It is important to note that Mr. Gibbs is not obligated on the Note and is not a debtor in this case. His allegation is that he is somehow a creditor with greater rights than Nationstar. Mr. Gibbs contends Nationstar was not the owner and holder of the note and mortgage on the South Carolina property and, thus, had no right to foreclose on the Property and participate in the Debtor's bankruptcy case. Specifically, Mr. Gibbs contends Bank of America fraudulently transferred ownership of the note and mortgage and, while it purported to assign the mortgage to Nationstar, the mortgage was in fact sold to Freddie Mac. Mr. Gibbs contends Nationstar has never submitted the proper evidence of ownership of the note and mortgage and failed to inform the Court that Freddie Mac owned the mortgage.

The allegations upon which Mr. Gibbs bases his claims do not constitute the kind of clear and convincing evidence of egregious conduct required to establish fraud on the court. The issues raised are, at best, claims or defenses related to the underlying foreclosure action adjudicated in South Carolina, which Rule 60(b)(3) does not encompass. It is unnecessary for the Court to consider how it would have ruled had those facts been presented to the Court, since a Rule 60(b)(3) motion may not be used to relitigate the merits of the underlying cause of action. In re Shen, 501 B.R. 216, 222 (Bankr. S.D.N.Y. 2013).

Further, there is no basis to find that Bank of America and Nationstar's alleged fraud or misrepresentation that it owned the note or mortgage in any way prevented Mr. Gibbs from fully and fairly presenting that defense in a responsive pleading, here or in the South Carolina litigation. To the contrary, the Court has given ample consideration to Mr. Gibbs' numerous pleadings filed in this adversary proceeding and his wife's bankruptcy case. Mr. Gibbs filed an appeal of the South

Carolina foreclosure action contesting Nationstar's standing. The Court abstained from deciding this adversary proceeding to allow the South Carolina courts to review the very issues Mr. Gibbs tries to raise now in a belated Rule 60(b) motion. In deciding to abstain, the Court did not rule on the merits. The Court did not determine Mr. Gibbs has no claim or deprive him or his wife of any right to contest in another court the authority of Bank of America and Nationstar to conduct a foreclosure; the Court simply ruled that the dispute was best left to other courts to resolve. Mr. Gibbs has not demonstrated he was prevented from fully presenting his case by Bank of America's and Nationstar's alleged fraud. Since Mr. Gibbs has failed to meet his burden under Rule 60(b)(3), relief on that basis is denied.

Mr. Gibbs has not demonstrated any other basis for relief under Rule 60(b) as to the decision to abstain. He has not identified any mistake, inadvertence, surprise, or excusable neglect that would warrant reconsideration under Rule 60(b)(1). He has not pointed to any evidence or information that, if proved true, would lead to judgment in his favor under Rule 60(b)(2). In short, Mr. Gibbs has not provided any reason to suggest the Court should not have exercised its discretion to abstain from the case under 28 U.S.C. § 1334(c). See Steed v. Educ. Credit Mgmt. Corp. (In re Steed), 614 B.R. 395, 404-05 (Bankr. N.D. Ga. 2020) (explaining Congress very clearly gave bankruptcy courts discretion to abstain in almost any bankruptcy proceeding).

Mr. Gibbs is also not entitled to relief under Rule 60(b)(4) because the decision to abstain is not void. The concept of a void judgment is narrowly construed. "A judgment is not void . . . simply because it is or may have been erroneous. . . . . Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (citations omitted). The Abstention

Order is not based on any jurisdictional error as the Court had jurisdiction under 28 U.S.C. § 157. Mr. Gibbs' contention that Nationstar provided a fraudulent note does not alter the jurisdictional analysis, nor does it demonstrate that he was denied notice or an opportunity to be heard. The Court's decision to abstain has been affirmed by the District Court. Accordingly, Mr. Gibbs has not shown he is entitled to relief under Rule 60(b)(4).

No basis exists for reconsidering the Court's decision to abstain under Rule 60(b)(5). Most often, Rule 60(b)(5) arises in the context of "institutional reform litigation" or prospective injunctions where the prospective actions are "reviewed for inequitable application because of changed circumstances." Lee v. Marvel Enters., Inc., 765 F.Supp. 2d 440, 451 (S.D. N.Y. 2011). Here, the Court's decision to abstain has not been satisfied, released or discharged. It was not based on any earlier judgment that has been reversed or vacated. The South Carolina appeal remains pending.

Mr. Gibbs has not articulated any basis that justifies relief from the Court's decision to abstain under Rule 60(b)(6). This section affords the Court some discretion to address issues raised by the parties that necessitate the setting aside of a prior order or judgment. However, it is not meant to supersede the requirements of Rule 60(b)(1) through (5). In other words, a Rule 60(b)(6) motion must be based on some reason other than those stated in clauses (1)-(5). Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986); see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). The relief available under Rule 60(b)(6) is limited and is meant "only for extraordinary circumstances." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). To justify relief under Rule 60(b)(6), "a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." Pioneer, 507 U.S. at 393 (citing Liljeberg v. Health Services Acquisition Corp., 486

13

U.S. 847, 863 (1988)). No extraordinary circumstances exist to justify setting aside the decision to abstain since the South Carolina litigation is still pending.

Mr. Gibbs has not presented any new evidence or demonstrated the Court made a manifest error of law or fact or established any of the grounds set out in Rule 60 to reconsider the Court's discretionary decision to abstain, and the Motion is denied as to the Court's decision to abstain.

### Reconsideration of Relief as to Nationstar

Mr. Gibbs has not presented any basis for relief under Rule 60(b) that would warrant reconsideration of the Court's order setting aside the default and denying default judgment as to Nationstar. As the Court explained in the Abstention Order, the standard to set aside an entry of default is a low one, and the Court has considerable discretion in deciding whether the standard has been met. See Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996); Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). While the Clerk did enter default against Nationstar, the default was based on Nationstar's failure to respond to the original complaint. When Mr. Gibbs filed subsequent pleadings, the original complaint no longer had any legal effect, and the corresponding default was rendered moot so setting it aside was proper. Mr. Gibbs appealed the Court's ruling regarding Nationstar's default, arguing Nationstar was still in default. The District Court disagreed and affirmed the Court's ruling that Nationstar was not in default after the Second Amended Complaint was filed and that the entry of default was properly set aside. [AP Docket No. 108].

While Mr. Gibbs contends he is entitled to judgment against Nationstar, Federal Rule Civil Procedure Rule 55 provides that a plaintiff may only seek default judgment *after* the clerk enters a default. The default against Nationstar has been set aside and default judgment is not procedurally proper. Further, even when a party has defaulted and all of the requirements for a default judgment

14

are satisfied, a plaintiff is not automatically entitled to a default judgment. Mehr v. United States Dep't of the Treasury Internal Revenue Serv. (In re Mehr), 2016 WL 4411279, *1 (Bankr. N.D. Ga. Aug. 10, 2016) (citing In re Trevisan, 300 B.R. 708, 713 (E.D. Wis. 2003)).  The District Court affirmed the Court's decision that default judgment was improper. [AP Docket 108].

Mr. Gibbs has not demonstrated a basis to reconsider the order setting aside the default and denying default judgment as to Nationstar under Rule 60(b). He has not established mistake, inadvertence, surprise, or excusable neglect required under Rule 60(b)(1). He has not pointed to any evidence or information that, if proved true, would lead to judgment in his favor or alleged any fraud, misrepresentation, or misconduct by an opposing party that would warrant reconsideration under Rule 60(b)(2) or (b)(3). Mr. Gibbs has not established a basis under Rule 60(b)(4) for vacating the order setting aside the default as to Nationstar because the order is not void. No basis exists for vacating the order setting aside Nationstar's default under Rule 60(b)(5) because it has not been satisfied, released or discharged, and it was not based on any earlier judgment that has been reversed or vacated. Mr. Gibbs has not established any extraordinary circumstances here as required by Rule 60(b)(6). Instead, Mr. Gibbs recites the same arguments this Court and the District Court have considered and addressed. In sum, Mr. Gibbs has not established any of the grounds for reconsidering the portions of the Abstention Order setting aside the default and denying default judgment as to Nationstar under Rule 60(b).

### Reconsideration of Relief as to Bank of America

Mr. Gibbs contends reconsideration is warranted because the Court erred when it declined to enter default and default judgment against Bank of America. As the Court has previously explained, Mr. Gibbs cannot obtain default as to Bank of America based on Bank of America's failure to respond to the original complaint and the Amended Complaint because 1) Bank of

America was not properly served with the pleadings and 2) both the original complaint and the Amended Complaint became moot when Mr. Gibbs filed his amended pleadings. When Mr. Gibbs filed the Second Amended Complaint, Bank of America was allowed to plead anew—and file a new or amended motion to dismiss—as though it were the original complaint. Because default was not entered against Bank of America, default judgment is not procedurally proper and, even if it were, Mr. Gibbs is not automatically entitled to a default judgment. The District Court agreed and affirmed the Court's ruling that Bank of America was not in default, so entry of default and default judgment were improper [AP Docket No. 108].

The Court finds no basis to reconsider the portions of the Abstention Order denying default and default judgment as to Bank of America under Rule 60(b). Mr. Gibbs has not alleged or proven mistake, inadvertence, surprise, or excusable neglect as required under Rule 60(b)(1). Mr. Gibbs has not pointed to any evidence or information that, if proved true, would lead to judgment in his favor or alleged any fraud, misrepresentation, or misconduct by an opposing party that would warrant reconsideration under Rule 60(b)(2) or (b)(3). He has not established a basis under Rule 60(b)(4) for setting aside the portion of the Abstention Order denying default and default judgment as to Bank of America because the order is not void. As noted above, the concept of a void judgment is narrowly construed. Mr. Gibbs was not deprived of due process, and this Court and the District Court have given his concerns ample consideration. Thus, the order is not void.

Similarly, no basis exists for reconsidering the portions of the Abstention Order declining to enter default and default judgment as to Bank of America under Rule 60(b)(5) because it has not been satisfied, released or discharged, and it was not based on any earlier judgment that has been reversed or vacated. Mr. Gibbs has not articulated any basis that justifies relief from the order declining to enter default and default judgment against Bank of America under Rule 60(b)(6). The

Court has determined Bank of America is not in default and default judgment is not appropriate, and that decision has been affirmed. The Court finds no basis for reconsideration of the portions of the Abstention Order declining to enter default and default judgment against Bank of America under Rule 60.

<u>**Superior Interest or Claim**</u>

Mr. Gibbs contends this Court must declare his interest superior to the claim filed by Nationstar. The Court has previously considered and rejected this request [AP Docket No. 97]. As the Court previously noted, the priority of interests in real property is a question of state law, <u>see</u> <u>In re Hedrick</u>, 524 F.3d 1175, 1181 (11th Cir. 2008), and one that the state courts can decide. As the Court stated in the Abstention Order, once a final determination of the rights of the parties is made in state court, this Court can make a decision as to Nationstar's proof of claim. The Court notes further that Mr. Gibbs has not filed a proof of claim in his wife's bankruptcy case. Mr. Gibbs has not presented anything new to demonstrate he is entitled to the relief he seeks or that the Court erred in determining the appropriate place for resolution of the issues regarding the Property is the state court. The Motion rehashes the same arguments the Court has previously considered and on which it has ruled, and Mr. Gibbs has not established any of the grounds set out in Rule 60 to reconsider the Court's prior decision declining his request for a claim superior to Nationstar.

<u>**Sanctions**</u>

The Motion requests sanctions against Bank of America and Nationstar. The request for sanctions has been made multiple times by Debtor and Mr. Gibbs. The Court has abstained from deciding these issues in this adversary proceeding. The District Court affirmed the decision and dismissed Mr. Gibbs' appeal, and the Eleventh Circuit dismissed Mr. Gibbs' subsequent appeal. Meanwhile, in the bankruptcy case, Debtor filed a Motion to Suspend Plan Payment Plan and

Sanctions (Doc. No. 62), which the Court denied (Doc. No. 71). The request for sanctions involves

the same conduct and issues on appeal in South Carolina and previously considered by this Court,

the District Court, and the Eleventh Circuit. Because the matter is before the South Carolina

appellate court, and this Court has already ruled on the issues in the Adversary Proceeding, it will

not consider the matter again.

### Referral to the Department of Justice

Mr. Gibbs asks the Court to refer this matter to the Department of Justice for prosecution.

Pursuant to 18 U.S.C. § 3057, the Court, in limited circumstances, shall refer the question of

whether a potential federal bankruptcy crime has been committed to the United States Attorney

for investigation. That statute provides in relevant part:

> Any judge, receiver, or trustee having reasonable grounds for believing that any
> violation under chapter 9 of this title or other laws of the United States relating to
> insolvent debtors, receiverships or reorganization plans has been committed, or that
> an investigation should be had in connection therewith, shall report to the
> appropriate United States attorney all the facts and circumstances of the case, the
> names of the witnesses and the offense or offenses believed to have been
> committed. Where one of such officers has made such report, the others need not
> do so.

18 U.S.C.A. § 3057(a). But, the Court is not required to report all conduct since the section only

covers laws relating to insolvent debtors, receiverships, or bankruptcy. Estes v. Ramirez, 2014 WL

11698007, *11 (S.D. Tex. June 13, 2014), amended in part, 2014 WL 11698095 (S.D. Tex. Aug.

7, 2014). A debtor cannot require a court to refer matters for criminal prosecution. Va. Hosp. Ctr.

Arlington Health Sys. v. Akl (In re Akl), 2010 WL 1667294 (Bankr. D.D.C. Apr. 23, 2010); Mays

v. Citibank, N.A., 2005 WL 6111610, *10 (S.D. Fla. 2005), summarily aff'd, 180 Fed. Appx. 143

(11th Cir. 2006) (section does not directly or by implication establish any private right of action

for a third party other than a federal judge, receiver, or trustee to request a report or referral to the

United States Attorney). Further, there must be some evidence for the court to form a reasonable

belief a violation of bankruptcy laws has been committed. <u>See</u> <u>In re Burt</u>, 179 B.R. 297, 300 (Bankr. M.D. Fla. 1995); <u>In re Walker</u>, 2006 WL 3483480, *3 (Bankr. S.D. Fla. July 11, 2006). For example, in <u>Narumanchi v. Abdelsayed (In re Narumanchi)</u>, 471 B.R. 35 (D. Conn. 2012), the court found insufficient grounds to determine a proof of claim was frivolous or filed for any improper purpose. Accordingly, the court denied the debtor's request for the court to make a report or referral of alleged criminal acts made in connection with filing a proof of claim that had been disallowed by the court.

Mr. Gibbs asks the Court to refer this case to the Department of Justice for prosecution of violations of various laws, but such relief is not available for several reasons. First, the Court can only refer alleged violations of bankruptcy laws. Second, Mr. Gibbs lacks standing to make such a request. Third, the record is void of any evidence to form a reasonable belief that any violations of bankruptcy laws have been committed. Accordingly, there is no basis to refer this case to the United States Attorney for prosecution and the request is denied.

**<u>Summary</u>**

For the reasons stated above, the Court finds Mr. Gibbs is not entitled to the relief he seeks in the Motion for several reasons: the Motion is untimely; it restates the same arguments previously presented to and rejected by this Court and affirmed on appeal; and Mr. Gibbs has not established any basis for relief under Rule 60(b). Accordingly,

**IT IS ORDERED** that the Motion is **DENIED.**

**END OF DOCUMENT**

**<u>Distribution List</u>**

Barbara Albytine Gibbs
3108 Hidden Falls Drive
Buford, GA 30519

Ryan Williams
Office of Nancy J. Whaley, Standing Ch. 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303

Allison G. Rhadans
McGuireWoods LLP
1230 Peachtree Street, N.E.
Promenade, Suite 2100
Atlanta, Georgia 30309-3534

Howell A. Hall
LOGS Legal Group LLP
211 Perimeter Center Parkway, N.E.
Suite 300
Atlanta, GA 30346